

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR–86,303-02

### EX PARTE JONG SUP LEE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CCC-17-20590B IN THE 52ND DISTRICT COURT
### FROM CORYELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Lee v. State*, No. 10-11-00308-CR (Tex. App.—Waco Nov. 1, 2012) (not designated for publication).

Applicant contends, among other things, that appellate and trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App.

1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond and state whether he timely notified Applicant that his conviction had been affirmed and that he could file a *pro se* petition for discretionary review. The trial court shall also order trial counsel to respond to grounds two, three, and five. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel complied with *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). The trial court shall also make findings and conclusions as to whether trial counsel was deficient and Applicant was prejudiced. The trial court shall make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish